■ In the Matter of TODD B., a Person Alleged to be a Juvenile Delinquent. (Appeal No. 1.)—Appeal unanimously dismissed without costs (see, Matter of Eric D. [appeal No. 1], 162 AD2d 1051; 10 Carmody-Wait 2d, NY Prac § 70:28). (Appeal from Order of Erie County Family Court, Griffith, J.—Juvenile Delinquency.) Present—Denman, P. J., Pine, Balio, Fallon and Davis, JJ.

■ In the Matter of TODD B., a Person Alleged to be a Juvenile Delinquent. (Appeal No. 2.)—Order unanimously affirmed without costs. Memorandum: Respondent was adjudged a juvenile delinquent on his admission that he had committed an act which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree. Following a dispositional hearing, Family Court determined that respondent required supervision, treatment and confinement, and ordered that he be committed to the custody of the New York State Division for Youth (DFY) for residential placement. The court specifically required that respondent be placed in a residential sex offender treatment program. At the time of the dispositional hearing, respondent was enrolled in a program at the Child Adolescent Psychology Department at Children's Hospital in Buffalo under the supervision of Dr. Thomas Mazur. Dominic Dispenza of the Western New York Children's Psychiatric Center testified at the dispositional hearing that, in his opinion, Dr. Mazur's program could not provide sufficient treatment for respondent; he recommended that respondent be placed at a DFY facility.

DFY was unable to place respondent in a residential sex offender program because there was no space available. Family Court adjourned the matter on several occasions while respondent and the Division for Youth investigated private placements. Unfortunately, no private placements were available. The court therefore amended its order by deleting the requirement that respondent be placed in a residential sex offender treatment program, but committed respondent to the custody of DFY for placement in a State facility, indicating

that such placement was necessary for the protection of the community.

On appeal, respondent argues that placement with DFY was not in his best interests. In making its determination of placement, Family Court must "consider the needs and best interests of the respondent as well as the need for protection of the community" and must "order the least restrictive available alternative" (Family Ct Act § 352.2 [2] [a]). The two interests at stake—the needs of the child and the needs of the community—are presumptively entitled to equal weight (Sobie, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 352.2, at 518-519).

We conclude that placement in a DFY facility was necessary for the protection of the community. The court explored all suitable and less restrictive options and reached a determination consistent with the statutory directives of Family Court Act § 352.2. Absent a clear abuse of discretion, that determination should stand.

Respondent also asserts that Family Court improperly restricted the testimony of his father. We disagree. The father was permitted to testify about the family's supervision of respondent. The record does not indicate what other material and relevant evidence would have been provided by further testimony (see, Family Ct Act § 350.3 [1]). In any event, the disposition by the court took into account the recommendation by Dr. Mazur that respondent be placed with his parents. (Appeal from Order of Erie County Family Court, LoRusso, J. —Juvenile Delinquency.) Present—Denman, P. J., Pine, Balio, Fallon and Davis, JJ.